MR. JUSTICE BAKER delivered the opinion of the court.

There is in the record no evidence of any fraud or circumvention in obtaining defendant to make the note. He knew that he was making a promissory note and only claims that false representations were made to him as to the consideration of the note, and that in fact it was given without consideration. Fraud must relate to the execution of the note and not to the consideration on which it is based. The fraud must consist of some trick or device that induces the giving of one kind of an instrument under the belief of ·the maker that he is giving one of a different kind. *Gray v. Goode,* 72 Ill. App. 504.

The burden was on the defendants to show that the note was without consideration and that plaintiff was not an innocent holder thereof for value and before maturity.

The giving of the instructions above quoted constitute reversible error, and for such error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Marie A. Fellows-Kimbrough, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 19,836. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Action by Marie A. Fellows-Kimbrough against Chicago City Railway Company for personal injuries sus-

tained by plaintiff in a collision between street cars. To reverse a judgment entered on a verdict in favor of plaintiff for thirty-seven hundred and fifty dollars, defendant appeals.

The facts relating to the accident are as follows: Thirty-fifth street in Chicago runs east and west, and Indiana avenue north and south, and where they intersect the street car lines of the defendant cross each other at right angles. On the day of the accident plaintiff was riding on an eastbound Thirty-fifth street car. As it was crossing Indiana avenue a car coming from the south on Indiana avenue did not stop to permit the Thirty-fifth street car to pass safely but ran into it knocking it partly off the track. Defendant conceded that under the circumstances the Indiana avenue car should have stopped at the south cross walk and have permitted the Thirty-fifth street car to make the crossing with safety. The explanation of this failure to stop was that although the motorman on the Indiana avenue car attempted to stop it at the usual place by turning the controller handle, which would shut off the electrical power, his attempts were unavailing by reason of a defect in the mechanism in the controller box. The particular defect is said to have been that one of the "fingers" which are fastened to the "terminals" in the controller box was bent so as to prevent the turning of the controller handle. It also appeared there was another device connected with the car called a canopy switch which might have been used by the motorman to stop the car in case the controller failed to work. It was located over the head of the motorman and one of its purposes was automatically to turn off the electric power when there is an overload of electric current. It could also be operated by turning a switch handle which shut off the power when for any reason the mechanism of the controller box failed to turn off the current. This device was the means by which the motorman finally brought the car to a stop.

CHARLES LE ROY BROWN, for appellant; LEONARD A. BUSBY and JOHN E. KEHOE, of counsel.

HARVEY E. WYNEKOOP and EDWARD MAHER, for appellee; GUERIN & BARRETT, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 381*—*sufficiency of evidence to show negligence of motorman in failing to avert collision.* In an action against a street railway company for personal injuries received by plaintiff in a collision between a street car on which she was a passenger and another car at a street intersection, where the defense was that the motorman on the latter car was unable to stop his car by reason of a defect in the mechanism of the controller box, a verdict for plaintiff *held* sustained by the evidence, there being evidence to show that the motorman could have stopped his car had he turned a canopy switch connected with the car and used for the purpose of turning off the electric power.

2. DAMAGES, § 115*—*when verdict for personal injuries not excessive.* A verdict for thirty-seven hundred and fifty dollars for personal injuries to a woman *held* not excessive, where it appeared she received bruises on her body, arms and legs and a fracture of one or two ribs and that she suffered from traumatic neurasthenia, and it also appeared that previous to the accident she was in robust health, and a physician in active practice earning two hundred dollars per month.

3. APPEAL AND ERROR, § 1514*—*when improper remarks of counsel not reversible error.* Improper remarks of plaintiff's counsel in his address to the jury *held* not so prejudicial as to require reversal, where it appeared that the statements made were such as reacted against the plaintiff rather than to the disadvantage of defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.